IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTOINE LAMONT SMITH, 1523849,<br>  Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, TDCJ-CID,<br>  Respondent. | )<br>)<br>)<br>)   No. 3:14-CV-3678-M<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On February 3, 2016, the district court referred Petitioner's January 25, 2016 motion for reconsideration and request for certificate of appealability. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner claims that the December 4, 2015, Findings, Conclusions, and Recommendation ("FCR") did not address his claims that appellate counsel was ineffective for failing to adequately object to the denial of his motion to suppress the gun evidence, that trial counsel failed to adequately argue that the gun evidence should have been suppressed because the officers' initial entry into his apartment was unlawful and the gun was not in plain view, and that the prosecutor committed misconduct when he solicited perjury from an officer who testified the gun was in plain view.

The December 4, 2015, FCR addressed Petitioner's claims and determined they were without merit. In addressing Petitioner's ineffective assistance of counsel claims, the FCR stated

as follows:

> The record shows officers located Petitioner at an apartment. (ECF No. 16-15 at 304-09.) After they saw Petitioner leave the apartment, officers conducted a welfare check and entered the apartment without a warrant to determine if anyone in the apartment needed assistance. (*Id.*) Officers stated they saw a firearm and drugs in plain view. Once officers determined no one in the apartment was in need of assistance, they exited the apartment without seizing any items. Officers then obtained a search warrant for the apartment. The officer who wrote the affidavit for the search warrant did not use any information from the warrantless search of the apartment to obtain the search warrant. (*Id.*) After obtaining the search warrant, officers seized the firearm and drugs.
>
> Defense counsel filed a motion to suppress the evidence found at Petitioner's apartment. (Clerk's Record at 19-20, 28-30.) The trial court granted the motion finding there were no emergency circumstances to justify the warrantless entry into the apartment, and the later-obtained warrant affidavit lacked probable cause. (*Id.* at 38, 43-44.) The State appealed the court's order, and the appellate court reversed. The appellate court determined that the warrant affidavit sufficiently established probable cause for the warrant. (ECF No. 16-15 at 304-09.)
>
> Petitioner claims trial counsel should have used photos of the apartment, and suppression hearing testimony of Officer Kaiser, to argue that evidence found during the warrantless search was not in plain view. This claim is without merit. After the trial court granted the motion to suppress, the appellate court found that regardless of the initial warrantless search, officers had a valid warrant when they searched and seized items from Petitioner's apartment. Petitioner has failed to show there is a reasonable probability that had counsel re-argued the suppression claims in the trial court or on appeal, the appellate court would have changed its decision and would have granted the motion to suppress. These ineffective assistance of counsel claims should be denied.

(FCR at 6-7.)

Petitioner complains that the trial court's order granting the motion to suppress stated both that there were no emergency circumstances to justify the initial warrantless search and that the later-obtained warrant lacked probable cause, but the appellate court's order only addressed the fact that the later-obtained warrant was lawful. Regardless of any unlawfulness of the initial warrantless search, however, the appellate court found that nothing from that search was used to obtain the later lawful search warrant. As stated in the Court's FCR, Petitioner's ineffective

assistance of counsel claims are without merit because, "Petitioner has failed to show there is a reasonable probability that had counsel re-argued the suppression claims in the trial court or on appeal, the appellate court would have changed its decision and would have granted the motion to suppress."

In Petitioner's trial counsel claims he argues counsel should have used photographs to show that, during the initial warrantless search, the gun was not in plain view. Petitioner claims officers would not have been able to obtain the warrant to search the apartment a second time had his counsel properly showed that during the initial search, the gun was under a comforter and not in plain view. The appellate court, however, found that no evidence from the initial warrantless search was used to obtain the search warrant. Therefore, regardless of trial counsel's claims regarding the first warrantless search, the appellate court found that search irrelevant to the later lawful search warrant and the evidence seized during the second search. Petitioner's ineffective assistance of trial counsel claims are without merit.

Finally, Petitioner claims the prosecutor knowingly elicited perjury from police officers who testified at the suppression hearing that during the initial warrantless search, a gun was found in plain view. Petitioner claims that photographs show the gun was under a comforter. As discussed above, the appellate court found that the search warrant for the second search did not rely on an any information obtained from the first search. Therefore, regardless of whether officers testified at the suppression hearing that the gun was in plain view during the initial search, that testimony had no effect on the appellate court's decision to find the second search lawful and deny suppression of the gun.

II.

This Court recommends that Petitioner's motion for reconsideration and request for certificate of appealability be DENIED.

Signed this 8 day of February, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).